IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOUIS BRACKEN, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC.<br><br>    Defendant. | Civil Action No: 3:20-cv-1991<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff LOUIS BRACKEN ("Plaintiff"), by and through his attorneys, the SHAWN JAFFER LAW FIRM PLLC, and brings this Class Action Complaint against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. ("PRA" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**PREMLIMINARY STATEMENT**

1. This is a class action for statutory damages, injunctive relief, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

**Plaintiff:**

4. Plaintiff is a natural person residing in Dallas county, Texas.

5. Plaintiff is allegedly obligated to pay a debt to the Defendant.

6. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

7. Plaintiff is allegedly obligated to pay a debt to PRA, a balance of $3,987.54 for a personal Capital One Bank (USA), N.A. credit card.

8. The "Current Creditor" is, PRA.

9. The alleged debt at issue is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**Portfolio Recovery Associates, LLC.:**

10. Defendant PRA is a collection agency headquartered Norfolk, VA and can be served on Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

11. Defendant PRA is a "Debt Collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

12. Defendant PRA engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

13. At all times material hereto, Defendant PRA was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

## CLASS ALLEGATIONS

14. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

15. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

    (1) all individuals with addresses in the State of Texas, Florida and Georgia;

    (2) to whom Defendants sent a similar collection letter attempting to collect a consumer debt (see **Exhibit A**);

    (3) where Defendant wrote "Choose a savings plan that works for you"; and "Choose your plan and pay online anytime", and "Start your recovery today" and

    (4) which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18. Excluded from the Plaintiff Classes are the Defendants' and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The

principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit "A", violates 15 U.S.C. §§ l692e *et seq.*

20. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleged, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions have predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit "A" violate 15 U.S.C. §§ l692e *et seq.*

(3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests adverse to the absent class members.

> The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.
>
> (5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because an individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**
*Violation – Collection Letter Dated September 17, 2019*

24. On or about September 17, 2019, PRA sent Plaintiff a collection letter ("Letter") to collect an alleged debt owed to PRA in the amount of $3,987.54 for an alleged debt from Capital One Bank (USA) N.A. A true can copy of the Letter is attached hereto as Exhibit "A".

25. The Letter falsely and deceptively misrepresented to the Plaintiff and putative class that PRA was offering a "Savings Plan", whereas they were merely offering a discount, like any other creditor might to do, in order to settle an outstanding debt. Defendant also noted that by acting on this "Saving Plans", the Plaintiff and putative class could "start their recovery". Clearly, there was no recovery which the Plaintiff was gaining from, as the only recovery was to be had by PRA, which was the current creditor.

26. The Defendants have used false, deceptive or misleading representations or means in the collection of the alleged debt when they provided false, deceptive or misleading statements in an attempt to collect a debt.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.* Against Defendant Portfolio Recovery Associates, LLC**

27. Plaintiff re-alleges and incorporates by reference paragraphs 24-26 in this complaint as though fully set forth herein.

28. Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

29. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

> (1) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. §1692e;
>
>> i. The false representation of – **the character**, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

ii. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10)

30. Defendant violated 15 U.S.C. §1692e, e(2), and e(10) when the Defendant mailed Plaintiff the deceptive Letter on or about September 17, 2019.

31. For these reasons, the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

32. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and the putative class and against Defendant for:

(1) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Shawn Jaffer, Esq. and Shayan Elahi, Esq. as Class Counsel;

(2) Awarding Plaintiff and the Class statutory damages;

(3) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(4) Awarding pre-judgment interest and post-judgment interest; and

(5) Awarding Plaintiff and the Class such other or further relief as the Court deems proper.

DATED: July 28, 2020       Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*__                                          .
**Shawn Jaffer**
Texas Bar No.: 24107817
Email: shawn@jaffer.law
**Shayan Elahi**
Texas Bar No.: 24080485
Email: shayan@jaffer.law
13601 Preston Rd E770
Dallas, Texas 75240
T: (214) 494-1668
F: (469) 669-0786
*Attorneys for Plaintiff and putative class*